JACOB B. GALE, Appellant, *v.* DAVID MILLER, impleaded, etc., Respondent.

The signing of a check does not give it vitality, and it does not become operative until transferred to some third person. The fact that it is signed by one member of a firm in the partnership name does not affect this rule; he signs and holds it as the representative of the firm, and cannot by any act of his give it vitality in his own hands, and for legal purposes it will be deemed to be signed when so transferred.

Defendants, composing the firm of M. & G., were indebted to H. in the sum of $156. H. was indebted to G. $120. G. paid the indebtedness of his firm by receipting his own account and paying the balance in money. He thereupon drew the check of the firm for $156, which he subsequently transferred to plaintiff, without the knowledge or assent of M., in payment of his individual debt. In an action brought after the dissolution of the firm to recover the amount of the check, the court charged that, to enable the plaintiff to recover, the check must have passed to him before the dissolution. *Held*, no error; as, after the dissolution, G. could not sign, or give vitality to an instrument previously signed, creating a liability against the firm.

Also *held*, that plaintiff could not recover as the assignee of G.'s claim against his copartner, growing out of his settlement with H., as it was not in the power of G. to separate his claims, and thus subject his copartner to several actions with different persons, but all must go into the general account between the partners.

*Smith* v. *Lusher* (5 Cow., 688) and *Sherwood* v. *Barton* (23 How., 533) distinguished.

(Argued September 17, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of defendant, Miller, entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 1 Lans., 451; 44 Barb., 420.)

This action was brought to recover the amount of a check for $156, signed " Miller & Gale," the firm name of a former copartnership composed of defendants. Defendant, H. C. Gale, did not answer.

The facts sufficiently appear in the opinion.

*John Gaul, Jr.*, for the appellant. The check was valid in the hands of defendant, Gale. (*Smith* v. *Lasher*, 5 Cow.,

688; *Sherwood* v. *Barton*, 23 How., 533.) Plaintiff became the legal and equitable owner of the claim against the firm, and defendants were equitably liable, whatever the form of action. (*Oneida Bk.* v. *Ontario Bk.*, 21 N. Y., 498; *Tracy* v. *Talmage*, 14 id., 192.) It was immaterial whether defendant, Miller, knew of the existence of the check before its delivery to plaintiff. (*Smith* v. *Lusher*, 5 Cow., 688.) Defendant was bound by the answer of the witness, H. C. Gale, as to his being charged with stealing, and was not at liberty to contradict it. (*Carpenter* v. *Ward*, 3 Tiff., 243; 13 E. P. Smith, 586; 2 Wait's L. & P., 481.)

*R. E. Andrews* for the respondent. There was sufficient proof of a combination and conspiracy between plaintiff and defendant, Gale, to make the admission of the latter evidence against plaintiff. (1 Phil. on Ev. [Edwds. ed.], 205, note 83; *Crary* v. *Sprague,* 12 Wend., 41,) The foundation for the contradiction had been sufficiently laid. (2 Phil. on Ev. [Edwds. ed.], 960; 2 Wait's L. & P. [1st ed.], 520.) Proof of the general character of defendant, Gale, was proper upon impeachment. (*People* v. *Rector*, 19 Wend., 579.)

JOHNSON, C. The check upon which this suit was brought was signed with the firm name of Miller & Gale, by H. C. Gale, without the privity of his copartner, and remained in his hands until he delivered it on account of his private debt to the plaintiff. The circumstances under which he made the check were, according to his testimony, that one John N. Hover owed him $130, and was a creditor of the firm for $156; that he, Gale, extinguished the firm debt by giving Hover a receipt for the $130, and also thirty-six dollars in money of his own; and that he then drew the check in question to reimburse himself for this payment. There is no claim that the check was ever issued to Hover, or that he had any knowledge of its being drawn at the time of the transaction between him and H. C. Gale; still less is there any claim that Miller, the partner of H. C. Gale, had any know-

ledge of the making or of the existence of the check until after the dissolution of the firm and the settlement of its affairs in the manner shown in the case.

So long as the maker of a promissory note retains it in his own hands it is merely a nullity; signing it is nothing; it gains no vitality and does not become operative until it is transferred to some third person. The fact that the signer is a partner with another person and has signed the partnership name makes no difference; he signs as the representative of the firm and holds it in that character; nor can he by any act of his own give it vitality in his own hands. What is true of a note is equally true of a check; so long as it remains in the hands of the drawer, the time when he wrote his name or the name of his firm upon it is immaterial. For legal purposes it will be deemed to be signed at the time when it is transferred to a third party; and the inquiry will necessarily be whether there was authority in the party issuing it at the time when it was actually issued.

The cases of *Smith* v. *Lusher* (5 Cowen, 688) and *Sherwood* v. *Barton* (23 Howard, 533) are quite different from that before us. In neither of them was the partner who took the firm note the signer of it. In each case some other member of the firm took part in and was assenting to the transaction. In each the note was held to be the result of an adjustment of the claim of the individual partner against his copartners, and the objection to the recovery was only the technical one that, as the partner could not have maintained an action at law, his indorsee could not. This was rightfully overruled. The charge of the judge in this case is consistent with those decisions. The charge of the judge was, among other things, that to enable the plaintiff to recover in this action the check must have passed into his hands before the dissolution. This was clearly right, for we have seen that the check had no vitality until at least it was passed from the hands of H. C. Gale, the partner who signed it. From him it was passed directly to the plaintiff. If at that time the firm was dissolved, he could no longer act for his copartner by

incurring a liability; he could not sign the firm name to an instrument creating a liability, nor could he give vitality to such an instrument which he had previously signed, but which remained in his hands unused. (*National Bank* v. *Norton*, 1 Hill, 572.)

No question appears to have been made at the trial upon the right of the plaintiff to recover, as the assignee of H. C. Gale's claim, against his copartner, growing out of the transaction with Hover. If it had been, the point must have been overruled. In that view the claim of H. C. Gale, growing out of the settlement with Hover, would have entered into the general account between the partners; and it is not in the power of one partner to separate his claims into distinct parts, and thus compel his copartner to be subject to several actions with different persons, all growing out of the partnership account.

There was no error in telling the jury that if the plaintiff received the check in the month of March he received it after the dissolution, and that it would not be valid in his hands. The evidence was overwhelming that the dissolution took place in February, and no finding to the contrary could have been sustained. When the plaintiff took the check from H. C. Gale it was on account of H. C. Gale's individual debt, for which the plaintiff held his note, and the amount of the check was indorsed upon the note. This could not constitute him a *bona fide* holder for value. (*McBride* v. *Farmers' Bank*, 26 N. Y., 454.)

There remain, then, to be considered certain questions in respect to the admission of evidence against the plaintiff's objections. These may be conveniently considered under the aspects in which they are presented in the appellant's points. It is claimed that the occurrences, conversations and transactions at the alleged settlement between Miller and Gale were improperly admitted, the plaintiff not having been present, and claiming that he was then the holder of the check. The transaction referred to occurred in the negotiation of the terms of the agreement of dissolution; and the object of the inquiries,

on the part of the defendant, Miller, was to show that, in the arrangement in question, no such check was understood to be outstanding. The purpose of the proof was twofold: first, to weaken the credit of H. C. Gale by the cross-examination in respect to his conduct; and, next, to show that no inference could be drawn from the occurrences in question tending to support the view that Miller knew of, authorized or ratified the holding or using of the check in question by H. C. Gale, in case it should turn out in the end that it was in his hands at that time. The admission of the check-books and other papers stands upon the same footing. They were used as instruments of cross-examination, in discredit of H. C. Gale, and as proof that Miller was not, by any voluntary action on his part, liable upon the check. The direct inquiry, whether Miller knew of the existence of the check before it came to the plaintiff's hands, was proper; not as of itself establishing a defence, but as making out one step in the proof. It narrowed the question to be tried by excluding his personal consent from the issue, and leaving to be litigated only the question whether the acts of his partner, H. C. Gale, had been such as in law would render Miller liable.

The questions put to H. C. Gale, asking if, in presence of plaintiff, one Kniskern, on the 26th of February, 1861, charged him with stealing or dishonesty in reference to his business transactions with Miller, came to nothing, Gale having in answer said that he did not hear any such charge made. Kniskern and the plaintiff were subsequently interrogated as to this matter, and their answers, which were received notwithstanding the plaintiff's exceptions, showed that in his presence, at or near the time mentioned, H. C. Gale was charged with dishonesty in reference to his affairs with Miller, in getting from him more than he ought to have. The question is whether this was relevant testimony.

The plaintiff endeavored to maintain that he had the check in question as early as January, and in this he was sustained by H. C. Gale. The defendant, Miller, insisted that the check was not made till after the dissolution, or, at least, that it was

not put into the plaintiff's hands until after that time. As bearing upon this issue, I think the conduct of the plaintiff, on hearing the charges referred to, was competent. If he then held the check in question in good faith, it was in a very high degree probable that he would at once have avowed it, and demanded payment. That he did not do so was a circumstance to be considered by the jury, with the other proofs, in determining the question finally submitted to them, whether the plaintiff held the check before the dissolution. There was no error in the ruling.

The judgment should be affirmed.

All concur.

Judgment affirmed.